**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-mj-8154-BER**

**UNITED STATES OF AMERICA**

v.

**LINDFORD NORDLI McFARLANE,**

**Defendant.**

_____ /

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY:    JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:    (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  25-mj-8154-BER |
| Linford Nordli McFARLANE, | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____05/29/2022 - 09/01/2022____ in the county of _____Palm Beach_____ in the
____Southern____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) | Possession with Intent to Distribute Controlled Substances; |
| 18 U.S.C. §§ 924(c)(1)(A) | Possession of a firearm in furtherance of a federal drug trafficking crime; |
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Felon in Possession of Firearm and Ammunition; |
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Illegal alien in Possession of Firearm and Ammunition; |
| 18 U.S.C. §§ 922(a)(6), 924(a)(2) | Making False Statements Material to Acquisition of a Firearm from Federal Dealer; and |
| 18 U.S.C. § 1028A | Aggravated Identity Theft |

This criminal complaint is based on these facts:

See attached Affidavit

FILED BY____*TM*____D.C.

*Mar 28, 2025*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - QPB

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Daniel Fuchsman, Task Force Officer, ATF
_Printed name and title_

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Digitally signed by
Bruce Reinhart
Date: 2025.03.28
16:54:51 -04'00'

Date: ____03/28/2024____

_____
_Judge's signature_

City and state:    West Palm Beach, Florida

Bruce Reinhart, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 25-mj-8154-BER

Your affiant, Daniel Fuchsman, first being duly sworn, does hereby depose and state as follows:

### Introduction

1.      Your Affiant is currently a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since January 2021. As a TFO your affiant has been specially deputized by the United States Marshals Service and authorized to enforce federal law, to include offenses occurring under Titles 18 and 21 of the United States Code. Your affiant has served as a West Palm Beach Police Officer (WPBPD) for approximately the preceding 8-year period. Some of your affiant's responsibilities as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) include investigating violations of federal law, including violations of Gun Control Act (Title 18 United States Code, Chapter 44). During my tenure with the West Palm Beach Police Department, Your Affiant has personally participated in the arrest of over 100 individuals for the sale and possession of illegal controlled substances and over fifty investigations, arrest and subsequent debriefings of individuals who were arrested for possessing firearms in furtherance of violent and/or drug trafficking crimes.  Your Affiant personally participated in the execution of at least 50 narcotics related search warrants. Your Affiant interviewed at least 50 individuals who were involved in the sale and distribution of controlled substances. Consequently, Your Affiant is familiar with the ways, manner, and means by which street level narcotics are purchased, sold, and packaged, as well as street terminology employed by individuals selling such controlled substances.

2.      I make this Affidavit in support of a criminal complaint charging LINFROD
NORDLI McFARLANE, a Jamaican male born in August of 1981, with: 1) possession of a
firearm and ammunition by an alien unlawfully present in the United States, in violation of Title
18, United States Code, Sections 922(g)(5)(A) and 924(a)(8); 2) possession of a firearm and
ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1)
and 924(a)(8); 3) possession with the intent to distribute controlled substances, in violation of Title
21, United States Code, Sections 841(a)(1); 4) possession of a firearm in furtherance of a drug
trafficking offense, in violation of Title 18, United States Code, Section 924(c); 5) making false,
fictitious, or misrepresented identification, intended or likely to deceive a federal firearms licensee
material to the acquisition of a firearm, in violation of Title 18, United States Code, Section
922(a)(6); and 6) using, without lawful authority, the identity of another person in furtherance of
the acquisition of a firearm, in violation of Title 18, United States Code, 1028A (a)(1) and (c)(3).

3.      I submit this Affidavit based on my personal knowledge and information provided
to me from other law enforcement officials.  Because this Affidavit is submitted for the limited
purpose of establishing probable cause, it does not purport to include all of the details of the
investigation of which I am aware.

### FACTS IN SUPPORT OF PROBABLE CAUSE

4.      At all times material hereto, on the basis of records obtained from the Government
of Jamaica through a mutual legal assistance request (MLAT), defendant Linford Nordli
McFARLANE, DOB-08/1981, was and is a citizen and national of Jamaica.

5.      U.S. Customs and Border Protection (CBP) maintains records of international
travelers that cross United States (U.S.) borders as well as records of Form I-94 (I-94), arrival and
departure records, for non-immigrants (visitors) lawfully admitted to the United States.  The I-94

record shows the date that the visitor arrived and was lawfully admitted into the U.S., the date that the admission expires, and the date that the visitor departed the U.S.  In general, a CBP officer provides the non-immigrant visitor with a stamped I-94 to be maintained with their passport for the duration of their stay in the U.S. The visitor must depart the U.S. on or before the date that the admission expires as stamped on the I-94. If the visitor, without prior authorization, remains in the U.S. beyond the departure date then the visitor is deemed to have overstayed his/her visa and is unlawfully present in the United States.

6.      According to CBP records, MCFARLANE entered and was lawfully admitted into the U.S. several times between 1989 and 2001, and each time was issued an I-94 with an admission expiration date (the date by which MCFARLANE was required depart the U.S.)  The following are a list of MCFARLANE'S I-94s including arrival and admission date, date the admission expired and the departure date:

- Arrival 08/02/1989, admission expired 02/01/1990, departure date - no record
- Arrival 07/04/1991, admission expired 01/03/1992, departure date 01/01/9999[1]
- Arrival 08/14/1995, admission expired 02/13/1996, departure date 09/03/1995
- Arrival 07/31/1998, admission expired 01/30/1999, departure date 08/29/1998
- Arrival 02/24/2000, admission expired 08/23/2000, departure date 08/23/2000
- Arrival 01/31/2001, admission expired 06/11/2001, departure date – no record

7.      As delineated above, MCFARLANE was repeatedly advised of the I-94 admission restrictions and on at least three occasions, from 1995 through 2000, CBP records show that he aware of his obligations and complied with the admission regulations by departing the United State

---

[1] Your affiant notes that this date appears to be a typographical error and was most probably 1991.

on or before the date his admission expired. Based on CBP records, MCFARLANE last entered the United States on January 31, 2001, on a B2 tourist visa and was authorized to remain in the United States only until June 11, 2001, but there is no record of his departure since that entry.

8.      Based on the foregoing and the timeline of evidence delineated below, your affiant submits that MCFARLANE never departed the United States on or before June 11, 2001, as required on his I-94. Therefore, there is probable cause to believe that MCFARLANE knowingly overstayed his visa and is currently an alien unlawfully present in the United States.

9.      Rochester (New York) Police Department (RPD) and National Crime Information Center (NCIC) records indicate that McFARLANE was arrested by the Rochester Police Department on or about December 20, 2001. McFARLANE'S fingerprints and rap sheet were recorded under NCIC file number 459267VB3. A certified copy of McFARLANE'S fingerprint card from his arrest by RPD has been obtained for comparison.

10.      On August 13, 2002, while conducting a passenger customs inspection of visitors to the United States at Fort Lauderdale, Florida, CBP officers discovered McFARLANE'S expired Jamaican passport in the luggage of HBS, an inbound traveler from Jamaica. Upon being questioned about his possession of another person's passport, HBS claimed to be McFARLANE'S cousin and stated that he was asked to bring McFARLANE'S passport from Jamaica to McFARLANE who he claimed was, at that time, living in south Florida. McFARLANE'S passport contained a Jamaican "LANDED" stamp dated February 14, 2001. CBP detained MCFARLANE'S fraudulently stamped passport. Since McFARLANE was not present at the inspection point, CBP officers detained McFARLANE's passport.

4

11.     Throughout the course of this investigation your affiant and other law enforcement personnel have determined that McFARLANE has obtained and used multiple aliases including but not limited to:

- Alim RODWELL, DOB – 04/1979

- Raymond JOSEPH, DOB – 01/1978

- Peter STANTON, DOB – 01/1984

12.     Based on photo comparison conducted by your affiant, as corroborated by Special Agent Anderson Sullivan of the Department of Homeland Security, Homeland Security Investigations (HSI) who has assisted your affiant in this investigation, Florida Department of Highway Safety and Motor Vehicles (FDHSMV) records revealed that on or about November 19, 2003, McFARLANE obtained a Florida driver's license, R340012791230, under the alias of Alim RODWELL, DOB - 04/1979.  FHSMV records also indicate that McFARLANE renewed the driver's license under the alias of RODWELL on or about May 21, 2008.  Both of the RODWELL licenses bear McFARLANE's image.

13.     NCIC records indicate that at all times material hereto, that McFARLANE was a previously convicted felon, having arrested multiple times under the alias Alim RODWELL, and is possessed of the following felony criminal convictions under the alias of RODWELL:

a.  Distribution of Cannabis, a Third Degree Felony, in the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 062005CF016384A88810, dated September 5, 2006; and,

b.  Possession of a synthetic Cannabinoid, a Third Degree Felony, in the Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 502006CF010875AXXXMB, dated December 20, 2007.

5

14.     FDHSMV records further revealed that on or about February 27, 2019, McFARLANE obtained a Florida driver's license, S353660840100, under the alias of Peter STANTON, DOB - 01/1984. Your affiant and HSI SA Sullivan both observed that the STANTON license bears McFARLANE'S photographic image.

15.     For background information to the Court (due to lack of venue as to this particular offense), your affiant discovered through in that on or about May 13, 2020, McFARLANE, used the alias Peter STANTON to fraudulently purchase a Glock 43 9mm semi-automatic pistol, serial# ADVD887, from Shooters World Orlando LLC, a federal firearms licensee (FFL), located at 4850 Lawing Lane, Orlando, Florida, in the Middle District of Florida. McFARLANE provided the STANTON driver's license as identification and wrote the Florida driver's license number that is assigned to the STANTON license, S353660840100, on the ATF Firearms Transaction Record Form 4473, in furtherance of the purchase of the Glock 43.

16.     On October 7, 2022, the Glock 43 9mm semi-automatic handgun, serial# ADVD887, was recovered in Elk Grove, California by the Elk Grove Police Department during a robbery investigation (Elk Grove PD case # 22-005768). The Glock 43 is currently being held as evidence by Elk Grove PD.

17.     FDHSMV database revealed that on or about August 12, 2020, McFARLANE obtained a Florida driver's license, J210720780030, under the alias of Raymond JOSEPH, DOB – 01/1978. Your affiant and HSI SA Sullivan observed that the JOSEPH license similarly bears McFARLANE'S photographic image.

18.     Through investigation, your affiant further determined that on or about May 29, 2022, McFARLANE, used the alias Raymond JOSEPH to fraudulently purchase a Century Arms Canik TP9 SFX 9mm pistol (herein after "CANIK PISTOL"), serial# 21BC60698, at the West

6

Palm Beach Gun Show from Fields Auction Service Inc, a FFL, located at 2070 Scott Avenue, West Palm Beach, Palm Beach County, Southern District of Florida. In so doing, McFARLANE provided the JOSEPH driver's license as identification and wrote the Florida driver's license number that is assigned to the JOSEPH license, J210720780030, on the ATF Firearms Transaction Record Form 4473, in furtherance of the purchase of the CANIK PISTOL.

19.     On the basis of information obtained from the Florida Department of Law Enforcement (FDLE) and FDHSMV's, when a person applies for a Florida Driver's License, Learner's Permit or Identification card it is FDHSMV's protocol to check all information on the application (name, DOB, social security number) provided with the Social Security Administration (SSA) before approving the application. The information must match in order for FDHSMV to issue any form of identification. In other words, a person applying for a Florida Driver's License must use an actual SSA-issued social security number issued for a real person in order to be approved and the Florida license issued. Based on the fact that in each of the instances reflected herein the Florida Driver's Licenses were obtained using the name of an actual person, and their actual Social Security Number, your affiant submits that McFARLANE was clearly aware that he was assuming the identities of real or actual persons, albeit persons who did not reside in Florida.

20.     On Thursday September 1, 2022, West Palm Beach Police Department (WPBPD) Officer Borgen attempted to conduct a traffic stop of a black Mercedes bearing FL Tag# B6KWX traveling westbound in the 2900-block of 45th Street after observing a window tint violation. Window tint violation was observed by both Officer Borgen and Officer Odell. After the officers activated their overhead emergency lights and siren, the Mercedes failed to stop for the traffic stop and immediately began to flee from Officer Borgen. Due to the reckless driving behavior Officer

Borgen terminated the stop, deactivated his emergency lights, and followed the vehicle from a distance.

21.     Officer Borgen observed the Mercedes come to a complete stop on the eastbound lanes of 45th Street in front of the Homewood Suites across the street from the RaceTrac gas station located at 2995 45th Street, located in Palm Beach County and the Southern District of Florida. Officer Borgen initiated his emergency lights, positioned his vehicle behind the Mercedes and began giving verbal commands at which time the driver exited the vehicle and took flight on foot heading toward/in the vicinity of 45th Street. Officer Odell who arrived on scene as a backup officer immediately gave chase subsequently detained the driver in the vicinity of the Harley Davidson dealership located at 2955 45th Street, West Palm Beach, Florida, in the Southern District of Florida. A search incident to arrest of the driver, later determined to be McFARLANE, revealed a Mercedes car key and a black coach wallet containing Jamaican currency and a Florida driver's license bearing the name Alim RODWELL, DOB – 04/1979, driver's license number R340012791230.

22.     In accordance with written WPBPD departmental policy, an inventory search incident to the towing and impound of the Mercedes was conducted by Officer Odell . Located in the trunk of the Mercedes were seven (7) vacuumed heat-sealed bags containing marijuana weighing a total of 3,050 grams (approximately 6.7 pounds). Officers on scene also located a black coach saddle bag, in a ditch, approximately 10 to 15 yards away of the Mercedes. Inside the main compartment of the bag was the black semi-automatic CANIK PISTOL, serial# 21BC60698, and $1,761.25 in US currency. McFARLANE, under the alias of RODWELL, was issued three (3) separate citations for Side Windows/Sunscreen Restrictions, Fail to Obey a Traffic Device, driving with a Suspended License and was arrested for Possession of Marijuana with Intent to Sell.

8

23.     On the basis of your affiant's training and experience, your affiant has been deemed qualified as an expert witness as to the street level distribution of controlled substances in the United States District Court for the Southern District of Florida.  On the basis of your affiant's training and experience, he is aware that the quantity and packaging of the marijuana recovered from McFARLANE, a/k/a RODWELL's vehicle is not consistent with a personal use quantity and is consistent with a wholesale quantity intended for distribution purposes.  Your affiant is further aware that drug traffickers, to include marijuana distributors, commonly use and carry firearms as "tools of their trade," in order to protect themselves from people seeking to rob them of their drugs, proceeds of drug sales, as well as from law enforcement.

24.     The black CANIK PISTOL, serial# 21BC60698, that was recovered from the bag adjacent to McFARLANE, a/k/a RODWELL's vehicle, was taken into evidence and subsequently swabbed by West Palm Beach Police Department Crime Scene Technician Eckroth for the presence of DNA.  Those swabs were later submitted to the PBSO Forensic Biology Unit for comparison to McFARLANE, a/k/a RODWELL's known DNA standard which was obtained pursuant to a Florida state search warrant in WPBPD 20220013621 and Warrant No: 2022-000677.  PBSO Forensic Biology Unit concluded the following:

   a) The DNA profile obtained from the slide is approximately 3,000,000,000,000 times more likely (very strong support) if it originated from McFARLANE, aka Alim RODWELL, and an unknown, unrelated individual than if the DNA profile obtained originated from two unknown, unrelated individuals.

   b) The DNA profile obtained from the trigger is approximately 50,000,000,000,000 times more likely (very strong support) if it originated from McFARLANE, a/k/a

Alim RODWELL, and an unknown, unrelated individual than if the DNA profile obtained originated from two unknown, unrelated individuals.

25.     WPBPD'S Senior Latent Print examiner compared the following sets of fingerprints:

a.  A certified copy of fingerprints taken from McFARLANE by RPD on or about December 20, 2001;

b.  A certified copy of fingerprints from McFARLANE, under the alias Alim RODWELL, incident to his arrest by WPBPD on September 1, 2022;

c.  A certified copy of fingerprints from McFARLANE's conviction, dated September 5, 2006, under the alias of RODWELL, in case number 062005CF016384A88810; and

d.  A certified copy of fingerprints from McFARLANE's conviction, dated December 20, 2007, under the alias of RODWELL, in case number 502006CF010875AXXXMB.

The Senior Latent Print examiner determined that all the fingerprints referenced above originated from the same individual.

26.     This investigation has identified and separately interviewed at least two victims with regard to this matter, Mr. P.S. and Mr. R.J.   This investigation has determined that MCFARLANE provided P.S. and R.J.'s names, dates of birth, and social security numbers to the FDHSMV to obtain fraudulent Florida driver's licenses.   McFARLANE also provided P.S. and R.J.'s, dates of birth, and social security numbers to FFLs to illegally purchase firearms from federal licensed firearms dealers. During their interviews with law enforcement, P.S. and R.J. both denied ever purchasing a firearm and both stated they have never met and/or seen Linford McFARLANE prior to their interviews. P.S. and R.J. both advised that they have never given

10

anyone permission to use their names, dates of birth, or social security numbers to create a false identity or purchase firearms.

## Summary and Conclusion

27.    In summary, you affiant submits that McFARLANE, a citizen and native of Jamaica, last entered the United States on January 31, 200, on a B2 tourist visa and unlawfully remained in the United States after his admission authorization expired on June 11, 2001. McFARLANE is therefore legally classified as an alien illegally and unlawfully present in the United States.

28.    Yor affiant further submits that McFARLANE was convicted of at least two felonies in the state of Florida, one in 2006 and another in 2007, under the alias of Alim RODWELL.

29.    Furthermore, McFARLANE has obtained false Florida driver's licenses using the names and numerical identifiers of P.S. and R.J., two living persons that are United States citizens. Subsequently, MCFARLANE used those false identities to complete ATF Form 4473s in order to obtain firearms from federal firearms licensed dealers in the Middle District of Florida and the Southern District of Florida.

30.    On September 1, 2022, MCFARLANE was arrested by WPBPD, in the Southern District of Florida, for possession with the intent to distribute controlled substances, all while MCFARLANE, a convicted felon, was in possession of a firearm that he fraudulently obtained from a federal firearms licensed dealer under the false identity of Raymond JOSEPH.

31.    Wherefore, on the basis of the foregoing, I respectfully submit that probable cause exists to charge LINFROD NORDLI  MCFARLANE, with 1) possession of a firearm and ammunition by an alien unlawfully present in the United States, in violation of Title 18, United

States Code, 922(g)(5); 2) possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1); 3) possession with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1); 4) possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c); 5) making false, fictitious, or misrepresented identification, intended or likely to deceive a federal firearms licensee in connection with the acquisition of a firearm, in violation of Title 18, United States Code, Section 922(a)(6); and 6) using, without lawful authority, the identity of another person in furtherance of the acquisition of a firearm, in violation of Title 18, United States Code, 1028A (a)(1) and (c)(3).

FURTHER YOUR AFFIANT SAITH NAUGHT.

Daniel Fuchsman
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms,
and Explosives

SWORN AND ATTESTED TO ME BY
APPLICANT VIA TELEPHONE (FACETIME)
PURSUANT TO FED. R. CRIM. P. 4.1 AND 4.1
THIS 28th DAY OF March 2025.

Digitally signed by
Bruce Reinhart
Date: 2025.03.28
16:55:19 -04'00'

**BRUCE REINHART**
**UNITED STATES MAGISTRATE JUDGE**

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>Lindford Nordli McFARLANE</u>

**Case No**:   <u>25-mj-8154-BER</u>

<u>**Count # 1**</u>
<u>**Possession with Intent to Distribute Controlled Substances**</u>
<u>**Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D)**</u>
\* **Max. Term of Imprisonment:** 5 years
\* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
\* **Max. Supervised Release:** 2 years to life
\* **Max. Fine:**  $250,000.00
\* **Special Assessment:** $100.00
\* **Immigration consequences of removal (deportation) from the United States upon conviction**

<u>**Count # 2**</u>
<u>**Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime**</u>
<u>**Title 18, United States Code, Section 924(c)(1)(A) and 924(c)(1)(C)(i)**</u>
\* **Max. Term of Imprisonment:** Life
\* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years' imprisonment consecutive to any other term of imprisonment imposed.
\* **Max. Supervised Release:** Five (5) years
\* **Max. Fine:**  $250,000.00
\* **Special Assessment:** $100.00
\* **Immigration consequences of removal (deportation) from the United States upon conviction**

<u>**Count # 3**</u>
<u>**Possession of Firearm and Ammunition by a Convicted Felon**</u>
<u>**Title 18, United States Code, Sections 922(g)(1), 924(a)(8)**</u>
\* **Max. Term of Imprisonment:** 15 years
\* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
\* **Max. Supervised Release:** Three (3) years
\* **Max. Fine:**  $250,000.00
\* **Special Assessment:** $100.00
\* **Immigration consequences of removal (deportation) from the United States upon conviction**

<u>Count # 4</u>
<u>**Possession of Firearm and Ammunition by an Illegal Alien**</u>
<u>**Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(8)**</u>
* **Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000.00
* **Special Assessment:** $100.00
* **Immigration consequences of removal (deportation) from the United States upon conviction**

<u>Count # 5</u>
<u>**Making False Statements Material to the Acquisition of a Firearm to a Federally Licensed Firarms Dealer**</u>
<u>**Title 18, United States Code, Section 922(a)(6) and 924(a)(2)**</u>
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000.00
* **Immigration consequences of removal (deportation) from the United States upon conviction**

<u>Count # 6</u>
<u>**Aggravated Identity Theft**</u>
<u>**Title 18, United States Code, Section 1028A**</u>
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 2 years, consecutive to any penalty imposed on Count 5
* **Max. Supervised Release:** One (1) year
* **Max. Fine:** $250,000.00
* **Immigration consequences of removal (deportation) from the United States upon conviction**